# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| LILLY CARRIE TAUA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-14-604-SM |
| CAROLYN W. COLVIN, acting Commissioner Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Acting Commissioner Carolyn W. Colvin (Commissioner) denied Lilly Taua's (Plaintiff) applications for disability insurance benefits and supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge Tim Leonard referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). Doc. 3. The parties then consented to having the undersigned conduct any and all further proceedings in the case, including the entry of a final judgment. Doc. 20. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and affirms the Commissioner's decision.

## I. Administrative proceedings.

In her applications for benefits, Plaintiff alleged that her impairments became disabling in August 2010. AR 124-31. The Social Security Administration (SSA) denied Plaintiff's claims, and at her request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 30-49. The ALJ issued an unfavorable April 3, 2013 decision. *Id.* at 19-27. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-5, and Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a familiar five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she succeeds, the ALJ will

conduct a residual functional capacity (RFC)[1] assessment at step four to determine what Plaintiff can still do despite her impairments. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## III. The ALJ's findings.

Following the well-established five-step inquiry, the ALJ found that Plaintiff: (1) meets the insured status requirements through March 31, 2014; (2) has not engaged in substantial gainful activity since August 18, 2010; and (3) has severe degenerative joint disease, arthritis, diabetes, and rheumatoid arthritis. AR 21. The ALJ concluded that Plaintiff has the RFC to perform light work with the following limitations:

- she can occasionally climb stairs;
- she can never climb ladders;
- she infrequently can squat, kneel, crouch, and crawl; and
- she must avoid concentrated exposure to extreme cold.

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

*Id.* at 23. Next, the ALJ concluded that Plaintiff could not perform any past relevant work. *Id.* at 25. Finally, based on the vocational expert's testimony, the ALJ determined that Plaintiff can perform work as a short order clerk, laundry folder, or cleaner – all jobs existing in significant numbers in the national economy. *Id.* at 26.

## IV. Plaintiff's challenge to the ALJ's evaluation of her credibility.

Plaintiff challenges the ALJ's credibility determination. According to Plaintiff, the ALJ (1) "made nominal references to the medical record" and "failed to link the evidence to her findings and explain her conclusions." Doc. 13, at 14, 17. [2] (2) Plaintiff next complains that the ALJ did not explain why the medical evidence would support her inability to perform postural maneuvers, "but had no bearing on [her] ability to walk and stand." *Id.* at 16. Finally, (3) Plaintiff alleges that the ALJ improperly relied on her daily activities as substantial evidence that she could perform light work. Doc. 13, at 13-19.

### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). In

---

[2] For the parties' briefs, the undersigned refers to the court's CM/ECF pagination.

reviewing the ALJ's opinion, "common sense, not technical perfection, is [the court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

B. **The ALJ's duty to assess credibility.**

This Court grants significant deference to a credibility determination provided the ALJ explains the basis of her decision. *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001) (noting that "the ALJ's credibility findings warrant particular deference"). Credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (citation omitted). An ALJ's credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004) (quoting SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996)). In reviewing the ALJ's credibility determination, this Court will not weigh the evidence – that is primarily the ALJ's task. C*owen v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008).

C. **The ALJ's credibility assessment.**

In assessing Plaintiff's credibility, the ALJ detailed the medical evidence and documented Plaintiff's subjective complaints. AR 23-25. Based

5

on the foregoing, the ALJ concluded that Plaintiff's statements "do not demonstrate a complete inability to perform work functions." *Id.* at 24.

> **1. The alleged "nominal references to the medical record" and "failure to link the evidence to her findings and explain her conclusions."** Doc. 13, at 14, 17.

Contrary to Plaintiff's assertion otherwise, the ALJ cited specific medical evidence and explained why it supported her credibility finding. For example, *after* acknowledging Plaintiff's testimony that "she has problems with her knees," AR 23, the ALJ noted that:

- Plaintiff had surgery to repair her right knee in July 2011, and her left knee in October 2011 and in April 2012;

- Plaintiff reinjured her left knee after a fall and required "ice and elevation" and "some non-steroid anti-inflammatories as needed;"

- six days after Plaintiff's fall, her treating physician released her, noting no knee brace was necessary and that Plaintiff could walk and exercise; and

- the treating physician who released Plaintiff included no specific work related limitations.

*Id.* at 24. Then, *after* referencing Plaintiff's testimony that her "ring finger on each hand becomes stiff and gets stuck," the ALJ noted that in a May 2011 consultative examination report, Plaintiff exhibited good grip strength and normal fine manipulation. *Id.* at 24-25.

6

Although referring to these findings as "nominal references to the medical record," Doc. 13, at 14, Plaintiff does not cite any medical evidence that she believes the ALJ ignored. Further, while the ALJ may not have explicitly tied every conflicting medical record to Plaintiff's every subjective statement, she was not required to do so. *See Keyes-Zachary*, 695 F.3d at 1170. Applying common sense, it is clear which subjective complaints the ALJ found less than credible, and what medical evidence was linked to her findings.

### 2. The alleged failure to explain postural maneuver restrictions.

Plaintiff takes issue with the ALJ's imposition of certain postural limitations without explanation why she did not impose any restrictions on Plaintiff's ability to walk and stand. Doc. 13, at 16. Plaintiff contends that "it is unclear how the lack of additional limitations from Dr. Levings affected the ALJ's determination on [Plaintiff's] ability to stand and walk, but it did not affect her determination on [Plaintiff's] ability to perform various postural maneuvers." *Id.*

The ALJ considered the treating physician's recommendation eight days after her third surgery, which imposed "[l]imited kneeling, squatting, and pivoting etc and no ladders." AR 371. The ALJ recognized that four months later, the treating physician later released Plaintiff to walk and

7

exercise and with no need for a brace. *Id.* at 24; *see id.* at 368. And, the state agency physicians opined that Plaintiff could perform the full range of light work with no additional limitations. *Id.* at 289-96, 331. In giving only some weight to these opinions, the ALJ considered Plaintiff's "history of multiple surgeries and . . . statements about her activities and limitations." *Id.* at 25. She found it "reasonable to conclude [Plaintiff] could have some additional postural limitations." *Id*; *see* Doc. 17, at 12.. So, the ALJ included additional limitations beyond those recommended by the state agency physicians. AR 25. Plaintiff points to no medical record evidence that she is unable to walk or stand. The undersigned finds that the ALJ sufficiently explained and linked the evidence to her credibility findings, satisfying "the essential function of a credibility analysis." *Keyes-Zachary*, 695 F.3d at 1170.

### 3. Plaintiff's daily activities.

In finding Plaintiff's subjective complaints less than credible, the ALJ also stated that Plaintiff's "description of her [daily] activities shows that she is capable of light and sedentary activities." AR 24. Plaintiff objects on grounds that "none of [her] activities . . . demonstrates an ability to perform light work." Doc. 13, at 18. The undersigned disagrees.

Plaintiff reported that she lives with her daughter and four grandchildren. AR 38, 168-69. She indicated that she helps around the house by cooking, sweeping, vacuuming, helping take care of various pets,

8

and picking up trash with the children in the yard. *Id.* at 42, 169, 171. In her function report, she stated that she manages her own personal grooming, does dishes, laundry, cleans the bathroom, takes out the trash, and grocery shops with her daughter. *Id.* at 169-70. She has stiffness in her hands, but managed to crochet five to six times during the month preceding the hearing for fifteen minutes at a time. *Id.* at 39, 42-43. She indicated she can walk three blocks and then must rest for fifteen minutes. *Id.* at 173. Plaintiff said that she can go out alone, and goes outside "at least every hour or 2 hours." *Id.* at 171.

Plaintiff complains that it was improper for the ALJ to rely on Plaintiff's statements regarding her activities because she "does not perform these tasks regularly" and "experiences pain if she does too much." Doc. 13, at 18. But based on the medical evidence, the ALJ found that Plaintiff's subjective complaints of pain, evidenced by limitations on her ability to stand and walk, and an inability to use her hands, were not entirely credible. *See supra* § IV(C)(1). And, the ALJ was entitled to consider Plaintiff's ability to perform such activities. *See, e.g., Kruse v. Astrue*, 436 F. App'x 879, 886 (10th Cir. 2011) (noting that claimant's daily activities, including cleaning house, watching children, and shopping were "not minimal" and finding "no error in the ALJ's consideration of [claimant's] [activities of daily living] as one aspect of his credibility finding"). The ALJ properly evaluated Plaintiff's allegations

of pain. There are no grounds for reversal in the ALJ's reliance on Plaintiff's daily activities in reaching her decision. The ALJ supported her credibility findings with substantial evidence.

V.   **Conclusion.**

The court affirms the Commissioner's decision.

ENTERED this 17th day April, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE